# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBBIE KUCIVER, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>- against - )<br><br>NESTLÉ HEALTHCARE NUTRITION, INC., )<br><br>Defendant. ) | Case No. 1:21-cv-00936 |

## DEFENDANT NESTLÉ HEALTHCARE NUTRITION, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Dale J. Giali (admitted *pro hac vice*)
Keri E. Borders (admitted *pro hac vice*)
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248
dgiali@mayerbrown.com
kborders@mayerbrown.com

Shandice T. Sluch
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
ssluch@mayerbrown.com

*Counsel for Defendant Nestlé Healthcare Nutrition, Inc.*

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ........................................................................................... 1

II.    FACTUAL BACKGROUND ........................................................................... 2

    A.    Plaintiff's Allegations .......................................................................... 2

III.    LEGAL ARGUMENT .................................................................................... 2

    A.    Plaintiff's Counsel's Unsuccessful War Against Vanilla Labeling ...................... 2

    B.    Nestlé Complies With Relevant FDA Regulations ................................................. 4

        1.    Plaintiff's Interpretation Of FDA Regulations Is Incorrect ...................... 4

        2.    Plaintiff Cannot Privately Enforce The FDCA ............................ 7

    C.    No Reasonable Consumer Would Be Deceived By The Product's Labeling ....... 10

    D.    Plaintiff's Tag-Along Claims Are Not Well Pleaded ........................................... 13

    E.    Plaintiff Lacks Standing To Pursue Injunctive Relief ......................................... 15

IV.    CONCLUSION ............................................................................................. 15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anthony v. Country Life Mfg., L.L.C.,*
  70 F. App'x 379 (7th Cir. 2003) ............................................................. 13

*Backus v. Gen. Mills, Inc.,*
  122 F. Supp. 3d 909 (N. D. Cal. 2015) ................................................... 14

*Barreto v. Westbrae Natural, Inc.,*
  -- F. Supp. 3d --, 2021 WL 76331 (S.D.N.Y. Jan. 7, 2021) ............................ *passim*

*Bausch v. Stryker Corp.,*
  630 F.3d 546 (7th Cir. 2010) .................................................................. 8

*Berarov v. Archers-Daniels-Midland Co.,*
  2019 WL 277717 (N.D. Ill. Jan. 22, 2019) ............................................... 9

*Bober v. Glaxo Wellcome PLC,*
  246 F.3d 934 (7th Cir. 2001) ............................................................... 10

*Budhani v. Monster Energy Co.,*
  -- F. Supp. 3d --, 2021 WL 1104988 (S.D.N.Y. Mar 22. 2021) ................... 3, 8, 11

*Camasta v. Jos. A. Bank Clothiers, Inc.,*
  761 F.3d 732 (7th Cir. 2014) ............................................................... 15

*Camasta v. Omaha Steaks Int'l., Inc.,*
  2013 WL 4495661 (N.D. Ill. Aug. 21, 2013) ........................................... 13

*City of Los Angeles v. Lyons,*
  461 U.S. 95 (1983) ............................................................................. 15

*Clark v. Westbrae Natural, Inc.,*
  2021 WL 1580827 (N.D. Cal. Apr. 22, 2021) .................................... *passim*

*Buckman Co. v. Plaintiffs' Legal Comm.,*
  531 U.S. 341 (2001) ............................................................................. 8

*Cosgrove v. Blue Diamond Growers,*
  2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020) .................................... 3, 6, 11, 12

*Cosgrove v. Or. Chai Inc.,*
  -- F. Supp. 3d --, 2021 WL 706227 (S.D.N.Y. Feb. 21, 2021) ................... 3, 5, 6

*Dailey v. A&W Concentrate Co.*,
  2021 WL 777114 (N.D. Cal. Feb. 16, 2021) ...................................................................3

*Dashnau v. Unilever Mfg. (US), Inc.*,
  2021 WL 1163716 (S.D.N.Y. Mar. 26, 2021) ...........................................................3, 6, 11

*Dumont v. Reily Foods Co.*,
  934 F.3d 35 (1st Cir. 2019)................................................................................................10

*Fahey v. Whole Foods Market, Inc.*,
  2021 WL 2816919 (N.D. Cal. June 30, 2021) ...............................................................3, 6

*Galanis v. Starbucks Corp.*,
  2016 WL 6037962 (N.D. Ill. Oct. 14, 2016)..............................................................10, 13

*Garadi v. Mars Wrigley Confectionery US, LLC*,
  2021 WL 2843137 (E.D.N.Y. July 6, 2021) ......................................................................3

*Harris v. McDonald's Corp.*,
  2021 WL 2172833 (N.D. Cal. Mar. 24, 2021) ...............................................................3, 11

*Ibarrola v. Kind, LLC*,
  83 F. Supp. 3d 751 (N.D. Ill. 2015) .......................................................................10, 13, 15

*Kamara v. Pepperidge Farm, Inc.*,
  Case No. 1:20-cv-9012 (S.D.N.Y.) ....................................................................................4

*Loreto v. Procter & Gamble Co.*,
  515 F. App'x 576 (6th Cir. 2013) .......................................................................................9

*MacNeil Auto. Prods. Ltd. v. Cannon Auto. Ltd.*,
  715 F. Supp. 2d 786 (N.D. Ill. 2010) ................................................................................13

*Manley v. Hain Celestial Grp., Inc.*,
  417 F. Supp. 3d 1114 (N.D. Ill. 2019) ..............................................................................14

*In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*,
  623 F.3d 1200 (8th Cir. 2010) .............................................................................................8

*Oshana v. Coca-Cola Co.*,
  472 F.3d 506 (7th Cir. 2006) ...............................................................................................9

*Parham v. Aldi Inc.*,
  2021 WL 709632 (S.D.N.Y. Feb. 15, 2021)..................................................................3, 11

*Patane v. Nestlé Waters N. Am., Inc.*,
  314 F. Supp. 3d 375 (D. Conn. 2018)..............................................................................9, 10

iii

*PDK Labs, Inc. v. Friedlander,*
    103 F.3d 1105 (2d Cir. 1997).................................................................9

*Pichardo v. Only What You Need, Inc.,*
    2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) ...............................3, 8, 12

*Robie v. Trader Joe's Company,*
    2021 WL 2548960 (N.D. Cal. June 14, 2021) ....................................3, 5

*Scherr v. Marriott Int'l, Inc.,*
    703 F.3d 1069 (7th Cir. 2013) ...............................................................15

*Schiesser v. Ford Motor Co.,*
    2016 WL 6395457 (N.D. Ill. Oct. 28, 2016)..........................................14

*Sharpe v. A&W Concentrate Co.,*
    481 F. Supp. 3d 94 (E.D.N.Y. 2020) ......................................................3

*Simic v. City of Chicago,*
    851 F.3d 734 (7th Cir. 2017) .................................................................15

*Spector v. Mondelēz Int'l, Inc.,*
    178 F. Supp. 3d 657 (N.D. Ill. 2016) ...............................................13, 15

*Steele v. Wegmans Food Mkts., Inc.,*
    472 F. Supp. 3d 47 (S.D.N.Y. 2020).........................................3, 6, 12, 13

*Thorner v. Fleetwood,*
    2002 WL 1998285 (N.D. Ill. Aug. 28, 2002) .......................................14

*Tillman v. Smith & Nephew, Inc.,*
    2013 WL 3776973 (N.D. Ill. July 18, 2013)..........................................9

*Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP,*
    475 F.3d 824 (7th Cir. 2007) ................................................................14

*Turek v. Gen. Mills, Inc.,*
    662 F.3d 423 (7th Cir. 2011) (Posner, J.) ..............................................7

*Twohig v. Shop-Rite Supermarkets, Inc.,*
    -- F. Supp. 3d --, 2021 WL 518021 (S.D.N.Y. Feb. 11, 2021) .........3, 6, 11

*Wynn v. Topco Assocs., LLC,*
    2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) .......................................3, 11

**Statutes**

410 ILCS 620..............................................................................................9

iv

815 ILCS 505/2JJJ ................................................................................................................9

815 ILCS 505/2MMM ..........................................................................................................9

815 ILCS 505/2NNN ............................................................................................................9

815 ILCS 505/2Z ..................................................................................................................9

815 ILCS 505/10b(1)) ..........................................................................................................7

15 U.S.C. § 2301(6) ...........................................................................................................14

21 U.S.C. § 337(a) .........................................................................................................7, 10

21 U.S.C. § 343-1 ................................................................................................................7

**Other Authorities**

21 C.F.R. 101.22 .........................................................................................................4, 5, 7

21 C.F.R. § 101.4(b)(1) .......................................................................................................7

21 C.F.R. § 170.3(o)(12) .....................................................................................................4

21 C.F.R. § 182.60 ..............................................................................................................5

## I.  <u>INTRODUCTION</u>

Plaintiff's counsel Spencer Sheehan has filed almost 150 consumer class actions over the past few years challenging products that are labeled as tasting like "vanilla." According to the lawsuits, consumers think that products labeled as tasting like vanilla must get the *entirety* of the vanilla taste from vanilla beans. Here, plaintiff directs that theory of deception at Carnation Breakfast Essentials ("CBE") Nutritional Drink Mix, which is labeled as "Classic French Vanilla Natural Flavor with Other Natural Flavors."

As almost all courts that have assessed the legal sufficiency of Mr. Sheehan's vanilla complaints have held, the theory of deception is implausible. As an initial matter, the label statement "Classic French Vanilla Natural Flavor with Other Natural Flavors" makes crystal clear that CBE is a *flavored* product, *i.e.*, it gets its taste from a *flavor ingredient*, not directly from vanilla beans. Moreover, the label says nothing about the actual underlying source of the vanilla taste in the vanilla flavor ingredient. The label serves only to inform consumers that the product will *taste* like vanilla, not to identify the specific underlying ingredients in the product or in the product's flavor ingredient that provide the vanilla taste. The label certainly does not say that CBE gets its vanilla taste from vanilla beans or anything like that.

In spite of this (or, likely, because of it) plaintiff focuses on the representation that CBE's vanilla flavor ingredient is natural. Plaintiff alleges that the vanilla flavor ingredient obtains its vanilla taste "predominantly from vanillin," that vanillin is usually not natural, and, therefore, that the vanilla flavor ingredient should be declared as artificial (not natural). All of this comes from plaintiff's misreading and misapplication of federal flavor labeling regulations. Plaintiff's interpretation of the federal regulations is not only wrong, but her attempted use of federal labeling regulations in this way is preempted. Plaintiff's theory that vanillin is not natural also fails because it is not supported by factual allegations that the vanillin *in CBE* is not natural. To be sure, plaintiff

refers to "testing" that allegedly shows that CBE contains added vanillin, but the conclusions she draws from the alleged testing are highly speculative and implausible, and insufficient to support plaintiff's deception claims. For these reasons, the motion to dismiss should be granted.

## II.     FACTUAL BACKGROUND

### A.     Plaintiff's Allegations

Nestlé manufactures, markets, and sells CBE, a powdered nutritional drink mix. The CBE label identifies the product as having "Classic French Vanilla Natural Flavor with Other Natural Flavors." Compl. at ¶ 1. The label does not identify the source of the product's vanilla taste or the specific ingredients in the vanilla flavor ingredient, and does not claim to contain vanilla beans or extract in any amount. The label also includes an ingredient list, which discloses all ingredients contained in the product, in accordance with federal law, including "Natural Flavor." *Id*. at ¶ 66.

Plaintiff alleges that she purchased CBE "on one or more occasions . . . from one or more locations . . . between January 18 and February 18, 2021" in Illinois. Compl. at ¶ 95. According to plaintiff, she "wanted to buy a product with the qualities and attributes represented herein," and further "relied upon what the label indicated and/or omitted." *Id*. at ¶ 96. Plaintiff goes on to allege that the CBE packaging is misleading because the vanilla flavor of the product is not "natural," and Nestlé was required to disclose that the product's vanilla taste is from artificial flavor. *Id*. at ¶ 6, 7. Plaintiff claims that she paid a "premium" (*id*. at ¶¶ 82, 98), but does not state how much, or include images of any alternate products she would have purchased instead.

## III.     LEGAL ARGUMENT

### A.     Plaintiff's Counsel's Unsuccessful War Against Vanilla Labeling

Plaintiff's counsel's extensive litigation campaign against products labeled as having vanilla taste has not been received well by the courts. Nestlé is aware of seventeen "vanilla" cases where courts have assessed the plausibility of the consumer deception theory on motion to dismiss,

with 15 courts dismissing the cases. *See Garadi v. Mars Wrigley Confectionery US, LLC*, 2021 WL 2843137 (E.D.N.Y. July 6, 2021); *Fahey v. Whole Foods Market, Inc.*, 2021 WL 2816919 (N.D. Cal. June 30, 2021); *Robie v. Trader Joe's Company*, 2021 WL 2548960 (N.D. Cal. June 14, 2021); *Clark v. Westbrae Natural, Inc.*, 2021 WL 1580827 (N.D. Cal. Apr. 22, 2021); *Dashnau v. Unilever Mfg. (US), Inc.*, 2021 WL 1163716 (S.D.N.Y. Mar. 26, 2021); *Harris v. McDonald's Corp.*, 2021 WL 2172833 (N.D. Cal. Mar. 24, 2021); *Cosgrove v. Or. Chai Inc.*, -- F. Supp. 3d --, 2021 WL 706227 (S.D.N.Y. Feb. 21, 2021); *Twohig v. Shop-Rite Supermarkets, Inc.*, -- F. Supp. 3d --, 2021 WL 518021 (S.D.N.Y. Feb. 11, 2021); *Budhani v. Monster Energy Co.*, -- F. Supp. 3d --, 2021 WL 1104988 (S.D.N.Y. Mar 22. 2021); *Parham v. Aldi Inc.*, 2021 WL 709632 (S.D.N.Y. Feb. 15, 2021); *Wynn v. Topco Assocs., LLC*, 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021); *Barreto v. Westbrae Natural, Inc.*, -- F. Supp. 3d --, 2021 WL 76331 (S.D.N.Y. Jan. 7, 2021); *Cosgrove v. Blue Diamond Growers*, 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020); *Steele v. Wegmans Food Mkts., Inc.*, 472 F. Supp. 3d 47 (S.D.N.Y. 2020); *Pichardo v. Only What You Need, Inc.*, 2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020).

Neither of the cases in which vanilla complaints survived supports plaintiffs here. In both, plaintiffs challenged A&W Root Beer, but, significantly, the label specifically stated that the product was "Made with Aged Vanilla." The court ruled that the label statement was a representation regarding a specific vanilla ingredient and when plaintiffs alleged that the product did not obtain its vanilla taste primarily from aged vanilla, the courts made the unremarkable holding that a claim was stated. *See Dailey v. A&W Concentrate Co.*, 2021 WL 777114, at *1 (N.D. Cal. Feb. 16, 2021); *Sharpe v. A&W Concentrate Co.*, 481 F. Supp. 3d 94, 96 (E.D.N.Y. 2020).

As is evident from the above list of decisions, Mr. Sheehan initially concentrated his vanilla

cases in district courts in New York, with several filed in the Northern District of California. After his theory of deception and misreading of flavor labeling regulations has been repeatedly rejected by those courts – and in conjunction with a pervasive judge-shopping campaign whereby he dismisses cases after they are assigned to a judge he deems unacceptable, *see, e.g. Kamara v. Pepperidge Farm, Inc.*, Case No. 1:20-cv-9012 (S.D.N.Y.), at ECF No. 32 (letter collecting instances of Mr. Sheehan's forum shopping activities) – Mr. Sheehan began filing vanilla cases in Illinois district courts, including this one. However, his claims fare no better under Illinois law, and should be dismissed for all of the same reasons.

### B.   Nestlé Complies With Relevant FDA Regulations

#### 1.   Plaintiff's Interpretation Of FDA Regulations Is Incorrect

Plaintiff contends that FDA regulations require Nestlé to label CBE as being "artificially" vanilla flavored. Compl. ¶ 6 (citing 21 C.F.R. § 101.22(i)).[1] But that is a flat misreading of the regulations. FDA defines a "natural flavor" as any ingredient "whose significant function in food is flavoring rather than nutritional." 21 C.F.R. § 101.22(a)(3). A flavor is used to "impart or help impart a taste or aroma in food." 21 C.F.R. § 170.3(o)(12). If a "food contains no artificial flavor which simulates, resembles or reinforces the characterizing flavor," the only requirement is that the name of the food be accompanied by the common or usual name of the characterizing flavor – in this case, vanilla. *See* 21 C.F.R. § 101.22(i)(1); *see also Clark v. Westbrae Natural, Inc.*, 2021 WL 1580827, at *5 (N.D. Cal. Apr. 22, 2021) ("a manufacturer can label its product as a 'vanilla' product so long as it contains no artificial ingredients that provide the vanilla flavor . . .").

FDA defines an "artificial flavor" as "any substance, the function of which is to impart

---

[1] If anything, 21 C.F.R. 101.22(i)(1) makes clear that "vanilla" is an *appropriate* labeling statement when vanilla is the characterizing taste of the product, and that "vanilla" is an accurate label for a vanilla-flavored product.

flavor, which is *not* derived" from the sources specified in the definition of natural flavor. 21 C.F.R. § 101.22(a)(1) (emphasis added). Artificial flavor "includes the substances listed in §§ 172.515(b) and 182.60 of this chapter *except* where these are derived from natural sources." *Id*. (emphasis added).[2]

> A natural flavor, in turn, is defined as:

>> The term natural flavor or natural flavoring means the essential oil, oleoresin, essence or extractive, protein hydrolysate, distillate, or any product of roasting, heating or enzymolysis, which contains the flavoring constituents derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, seafood, poultry, eggs, dairy products, or fermentation products thereof, whose significant function in food is flavoring rather than nutritional. Natural flavors include the natural essence or extractives obtained from plants listed in §§ 182.10, 182.20, 182.40, and 182.50 and part 184 of this chapter, and the substances listed in § 172.510 of this chapter.

21 C.F.R. § 101.22(a)(3).

Under these regulations, so long as the vanillin in CBE is derived from sources such as guaiacol, lignin, eugenol, or ferulic acid—as plaintiff suggests is the case—the vanillin is properly defined as *a natural flavor* under 21 C.F.R. § 101.22(a)(3) because the vanillin is derived from natural sources such as tree bark. Compl. ¶ 29, 32-34; *Robie*, 2021 WL 2548960, at *3-4. In short, under the flavor regulations a flavor that imparts vanilla taste is properly called a natural flavor so long as the vanilla taste derives from something that exists in nature, with no requirement whatsoever that the vanilla taste come from the vanilla bean plant.[3]

---

[2] For this reason, plaintiff's citation to 21 C.F.R. § 182.60 for the proposition that vanillin is a synthetic flavoring substance (*see* Compl. ¶ 28) fails. According to this provision, vanillin can be derived from natural sources, and, if so, is not an artificial flavor. *See Or. Chai*, 2021 WL 706227, at *14.

[3] The article to which plaintiff cites (*see* Compl. ¶ 56) discusses regulations regarding *vanilla extract* and *vanilla ice cream* – neither of which apply to a vanilla flavored beverage mix. Plaintiff provides no plausible explanation or allegation of fact as to how those regulations apply in this case, or how the label of CBE has violated those regulations or any law(s).

5

Moreover, the complaint even fails to plausibly allege that the source of the vanillin in the product violates plaintiff's own erroneous interpretation of "natural flavor," *i.e.*, fails to plausibly allege that the vanillin does not come from vanilla beans. As noted above, the flavor regulations do not require (or even permit) a product flavored with vanillin from a natural source to be labeled as being artificially flavored. And, courts evaluating the issue have confirmed that vanillin can be derived from natural sources. *See e.g.*, *Barreto*, 2021 WL 76331, at *3-4. Plaintiff's purported "testing" is, at best, entirely inconclusive as to the source of the vanillin found in CBE. So, it is just as likely could be from vanilla beans (or another natural source). That is why the same "testing" methodology used for the same purpose has been roundly rejected in plaintiff's counsel's other vanilla cases. *See Fahey*, 2021 WL 2816919, at *4 (no allegation that maltol and piperonal were derived artificially); *Clark*, 2021 WL 1580827, at *5 ("vanillin is or can be derived from the vanilla bean and . . . Plaintiff has no good faith basis for alleging that the vanillin in the Product is not from vanilla bean"); *Or. Chai Inc.*, 2021 WL 706227, at *13 (testing "results" speculative and did not plausibly establish that flavor was from artificial source); *Twohig*, 2021 WL 518021, at *6 (plaintiffs do not plausibly allege that markers detected by testing were derived from artificial rather than natural sources); *Barreto*, 2021 WL 76331, at *4 (no allegation that testing found maltol was derived from artificial sources); *Blue Diamond Growers*, 2020 WL 7211218, at *5 (testing results that allegedly showed that proportion of real vanilla to vanillin is smaller than in other cases; where a product makes representations only about vanilla as flavor, "the appropriate inquiry is whether the product indeed has that flavor."); *Steele*, 472 F. Supp. 3d 47, 51 (S.D.N.Y. 2020) (testing too speculative to support conclusion that there is too little vanilla bean extract in the product); *Dashnau*, 2021 WL 1163716, at *7 (testing did not support allegation that only de minimis amount of vanilla taste came from vanilla beans and the rest from synthetic sources). It is

speculative to claim that the testing results show that the vanillin comes from an artificial source.

In sum, plaintiff's assertion that the only source of vanilla taste in a natural vanilla flavor ingredient must be vanilla beans is inconsistent with FDA flavor labeling regulations and, separately, plaintiff fails to plausibly allege that the natural flavor ingredient in CBE does not derive its vanilla taste in compliance with FDA's natural flavor regulations.[4] *See* 21 C.F.R. 101.22(a)(3). Because Nestlé complies with FDA labeling regulations, plaintiff's theory is a preempted attempt to impose different requirements and, separately, necessarily fails because Nestlé cannot be held liable where it is complying with law. Notably, this also demonstrates that plaintiff's ICFA claim cannot survive, because the ICFA "does not apply to 'actions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States.'" *Turek v. Gen. Mills, Inc*., 662 F.3d 423, 427 (7th Cir. 2011) (Posner, J.) (quoting and citing 815 ILCS 505/10b(1)).

### 2. Plaintiff Cannot Privately Enforce The FDCA

Plaintiff contends that CBE's (non-existent) violation of federal label regulations supports a consumer deception lawsuit. Setting aside her incorrect interpretation of the regulations detailed above, consumers cannot enforce FDA regulations. *See* 21 U.S.C. § 337(a). Nor can plaintiff impose flavor labeling requirements that are *different* from the federal regulations, as that would be preempted. 21 U.S.C. § 343-1; *Turek*, 662 F.3d at 427.

To avoid this no-ability-to-enforce-the-regulations *and* no-ability-to-impose-different-requirements dilemma, "'plaintiff must be suing for conduct that *violates* the FDCA (or else his

---

[4] Plaintiff also alleges that Nestlé must use "vanillin" instead of "natural flavor" in its ingredients list, pointing to 21 C.F.R. § 101.4(b)(1). Compl. at ¶ 66. But this provision states that "Spices, flavorings, colorings and chemical preservatives shall be declared according to the provisions of § 101.22." And, as discussed above, CBE *does* comply with § 101.22(a)(3).

claim is expressly preempted . . . ), but the plaintiff must not be suing *because* the conduct violates the FDCA (such a claim would be impliedly preempted under *Buckman* [*Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341, 348-49 & n.4 (2001)]).'" *Bausch v. Stryker Corp.*, 630 F.3d 546, 557-58 (7th Cir. 2010) (quoting *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1204 (8th Cir. 2010)).

Plaintiff violates this principle in both respects. She misapplies the regulations (as explained above), so she seeks to impose different requirements. And, her primary support for her deception claim is an alleged violation of FDA regulations, a prohibited back-door attempt to enforce FDA regulations. *See* Compl. ¶¶ 5-6, 28-29, 55-58, 66, and 77.

In plaintiff's view, FDA regulations regarding formalized definitions of natural and artificial flavors require CBE to be labeled as having "artificial" flavor rather than "natural" flavor. *See* Compl. ¶¶ 55-59. This is wrong (as detailed above), but is also an attempt to equate violations of FDA regulations regarding flavor labeling *with* consumer deception under state law. But, they are not one-and-the-same, and by implying they are, the complaint tries the same gambit that plaintiff's counsel tried unsuccessfully in many cases. *See Clark*, 2021 WL 1580827, at *4-6 (rejecting claim that "vanilla" statement violated federal labeling regulations); *Barreto*, 2021 WL 76331, at *5 (holding that alleged violations of FDA labeling requirements "cannot be re-characterized as 'deceptive' simply on the grounds that they violate another statute which does not allow for private enforcement") (citations omitted); *Budhani*, 2021 WL 1104988, at *9 ("[p]laintiff's allegations about the Product's compliance or lack thereof with the FDCA are irrelevant to its NYGBL claims"); and *Pichardo*, 2020 WL 6323775, at *3 n.6 (similar). The same attempt should fail here for the same reasons.

Likewise, plaintiff cannot use the ICFA as a delivery-device to enforce FDA regulations. A consumer deception claim must be *independently* deceptive, and mere violation of an FDA regulation is simply not synonymous with consumer deception. *See Tillman v. Smith & Nephew, Inc.*, 2013 WL 3776973, at *4 (N.D. Ill. July 18, 2013) (claims survived preemption analysis because liability was *independent* of the FDCA); *see also PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997) (plaintiff cannot use other causes of action to vindicate a private plaintiff's "true goal" to "privately enforce alleged violations of the FDCA."); *Loreto v. Procter & Gamble Co.*, 515 F. App'x 576, 579 (6th Cir. 2013) (the FDCA's "public enforcement mechanism is thwarted if savvy plaintiffs can label as arising under a state law for which there exists a private enforcement mechanism a claim that in substance seeks to enforce the FDCA"). Plaintiff's allegations amount to a concession that this case "would not exist but for a FDCA regulation." *Patane v. Nestlé Waters N. Am., Inc.*, 314 F. Supp. 3d 375, 387 (D. Conn. 2018).

Finally, plaintiff claims that a violation of law, such as the federal labeling regulations, automatically results in a violation of the ICFA. To be sure, the ICFA expressly references numerous statutory violations that constitute a violation of the ICFA, but neither the FDCA nor the Illinois FDCA (410 ILCS 620 *et seq.*) are included.[5] And, in any event, an ICFA violation does not "automatically" provide a private right of action absent deception and damages – neither of which is present here. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514-15 (7th Cir. 2006). Similarly, other than to mention in one footnote that the FDCA and its regulations are incorporated and adopted in Illinois' FDCA (*see* Compl. n.1), plaintiff *does not allege* a violation of the Illinois FDCA. That's not an accident as there is no private right of action under the Illinois FDCA, either. *Berarov v. Archers-Daniels-Midland Co*., 2019 WL 277717, at *5–6 (N.D. Ill. Jan. 22, 2019). The

---

[5] *See, e.g.*, 815 ILCS 505/2Z, 815 ILCS 505/2JJJ, 815 ILCS 505/2MMM, 815 ILCS 505/2NNN.

complaint thus amounts to no more than an attempt to privately enforce federal labeling regulations. As another district court put it, "[w]here a state law claim would not exist but for a FDCA regulation, § 337(a) impliedly preempts the claim." *Patane*, 314 F. Supp. 3d at 387.

## C.    No Reasonable Consumer Would Be Deceived By The Product's Labeling

Consumers are not plausibly deceived by the vanilla flavor statement on CBE because (i) the product tastes like vanilla, (ii) the product contains a natural flavor ingredient consistent with the label statements, and (iii) the label makes no representations regarding the source of the vanilla taste. To state a claim under the ICFA, plaintiff must demonstrate that CBE is likely to mislead a reasonable consumer. *Galanis v. Starbucks Corp.*, 2016 WL 6037962, at *2 (N.D. Ill. Oct. 14, 2016). Under this objective standard, the Court asks whether the challenged statement "can be read to create a likelihood of deception or to have the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001). A court may dismiss an ICFA claim at the pleading stage "if the challenged statement was not misleading as a matter of law." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015).

CBE explains to consumers, including on its *front* panel, that it is a vanilla ***flavored*** product, "natural *flavor* with other natural *flavors*," *i.e.*, it's not a bottle of vanilla extract, but rather it is a powder beverage mix that tastes likes vanilla. *See* Compl. ¶ 1 (at p. 1). No reasonable consumer would take the phrase "Classic French Vanilla Natural Flavor With Other Natural Flavors" to be indicating the flavor's source, and certainly not that the product gets its vanilla taste solely from vanilla beans. Consumers don't think that way. *Cf. Dumont v. Reily Foods Co.*, 934 F.3d 35, 40 (1st Cir. 2019) (industry convention stemming from federal requirements is to state on package "that the product is naturally or artificially flavored"; reasonable consumer would see "Hazelnut" with *absence* of flavor statement and believe the product contains hazelnut). Nor is

plaintiff's contention that "French Vanilla" refers to vanilla beans grown in Madagascar (Compl. ¶¶ 3, 58-59) supported by allegations of fact, including that plaintiff or any other consumer would interpret it in such a way, and thus does not support a deception claim.

This case is indistinguishable on this point from the long line of dismissals in plaintiff's counsel's other vanilla cases. Courts have repeatedly found that "[a] reasonable consumer would understand that 'vanilla' is merely a flavor designator, not an ingredient claim." *Twohig*, 2021 WL 518021, at *3; *see also Clark*, 2021 WL 1580827, at *2 ("there is nothing about the word 'vanilla' itself which suggests to the reasonable consumer that the flavor comes *exclusively* from the vanilla bean."); *Dashnau*, 2021 WL 1163716, at *4 (no basis to substantiate assertion that reasonable consumers would interpret the label to imply exclusive source of vanilla flavoring)*; Harris*, 2021 WL 2172833, at *2 (not obvious or indisputable what consumers would believe, and plaintiff cannot proceed by asserting her own belief and conclusions about what reasonable consumers would believe); *Budhani*, 2021 WL 1104988, at *8 (reasonable consumer would not understand label to convey that vanilla flavor is derived exclusively or predominantly from vanilla bean extract); *Parham v. Aldi Inc.*, 2021 WL 709632, at *3 (S.D.N.Y. Feb. 15, 2021) (report and recommendation finding that reasonable consumer understands "vanilla" to describe how product tastes, not what it contains); *Wynn v. Topco Assocs., LLC*, 2021 WL 168541, at *3 (S.D.N.Y. Jan. 19, 2021) (reasonable consumer would not conclude that "vanilla" implies product's taste is derived solely from vanilla extract); *Barreto*, 2021 WL 76331, at *4 (no plausible deception where "product makes a representation regarding its flavor and does not imply or represent the source of that flavor comes exclusively or predominantly from natural vanilla"); *Blue Diamond Growers*, 2020 WL 7211218, at *3 (product label is not misleading because "a reasonable consumer would associate the representation of 'Vanilla'—with no additional language modifiers—to refer to a

flavor and not to vanilla beans or vanilla extract as an ingredient"); *Steele*, 472 F. Supp. 3d at 50 (reasonable consumer would not be deceived by "vanilla ice cream" label, which correctly identifies the ice cream's taste); *Pichardo*, 2020 WL 6323775, at *5 (reasonable consumers associate "vanilla" with flavor, not an ingredient). Plaintiff's conclusion that CBE lacks a vanilla taste (Compl. at ¶¶ 64, 74) lacks supporting factual allegations (s*ee Blue Diamond Growers*, 2020 WL 7211218, at *5 (no well pled allegations that product did not taste like vanilla)), and further, plaintiff does not allege that she was dissatisfied with CBE's taste, and in fact, states that she will purchase the product again if its "labeling is consistent with its composition" (Compl. at ¶ 99).

This principle applies with even greater force here because CBE actually uses the word "flavor" multiple times on the label, informing consumers that it is a flavored product. As the numerous decisions cited above make very clear, the statement "Classic French Vanilla Natural Flavor With Other Natural Flavors" is not otherwise an ingredient list, or a claim about what is the underlying precise source of the vanilla taste.

In this regard, it is useful to consider the thought process of the reasonable beverage mix buyer. *Steele*, 472 F. Supp. 3d at 50. When reasonable consumers walk down the beverage mix aisle their "first desire is for [a beverage mix]" – not a "bowl of vanilla." *Id*. With many flavors and varieties, they look to the front packaging to quickly identify their preferred flavor. Thus, the vanilla flavor statement "is of immediate use." *Id*; *see also Blue Diamond Growers*, 2020 WL 7211218, at *3. The representation tells consumers how the product will taste. Consumers received exactly what they paid for: a beverage mix that tastes like vanilla, and that derives its vanilla taste from a natural flavor ingredient. As the court put it in *Steele*, the "container does not mention vanilla beans, or bean extract, and even if vanilla or bean extract is not the predominant factor, if the sources of the flavor are natural, not artificial, it is hard to see where there is deception. What

12

is misrepresented?" 472 F. Supp. 3d at 50. There is no misrepresentation here.[6]

### D.     Plaintiff's Tag-Along Claims Are Not Well Pleaded

Plaintiff's tag-along claims should be dismissed both because they derive from the same defective theory of deception as the false advertising claim and suffer from their own additional flaws. *See Galanis*, 2016 WL 6037962, at \*4.

***Breach of warranty.*** The complaint alleges various breaches of warranty – express warranty, implied warranty of merchantability, and violation of the Magnuson Moss Warranty Act. Compl. ¶¶ 116-123. All fail as a matter of law for the same reason that plaintiff's ICFA claims fail. *See Spector v. Mondelēz Int'l, Inc.*, 178 F. Supp. 3d 657, 674 (N.D. Ill. 2016); *Galanis*, 2016 WL 6037962, at \*4. Plaintiff's warranty claims fail for the additional reason that plaintiff does not allege that she provided pre-litigation notice before filing suit. *See Ibarrola*, 83 F. Supp. 3d at 760 (express warranty); *Anthony v. Country Life Mfg, LLC*, 70 F. App'x 379, 384 (7th Cir. 2003) (implied warranty). While plaintiff alleges that Nestlé received notice due to numerous complaints by consumers to its main office (Compl. ¶ 122), plaintiff offers no factual basis for this conclusion, including who allegedly sent these complaints, and when they were sent, and these allegations should be given zero credit on this motion. Plaintiff has not alleged that Nestlé had actual knowledge of the alleged breach, or of her specific claims, and her claims fail as a result.

Plaintiff's breach of express warranty claim fails because the statements to which plaintiff points are, as the ingredient list makes clear, absolutely true – the product is a naturally flavored product. *MacNeil Auto. Prods. Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 794-95 (N.D. Ill.

---

[6] Nor has plaintiff sufficiently pleaded that she suffered actual damages, as is required for an ICFA claim. *See Camasta v. Omaha Steaks Int'l., Inc.*, 2013 WL 4495661, at \*10-11 (N.D. Ill. Aug. 21, 2013). While plaintiff pleads that conclusion that the product was worth less than what she paid, and that she would not have paid as much "absent Defendant's false and misleading statements and omissions" (Compl. at ¶ 98), she does not specifically identify the alleged misrepresentations to which she referred, she offers no factual allegations in support, and her claim for damages is purely speculative.

2010) (under Illinois law, an express warranty consists of "a representation . . . (1) regarding a fact (that is, something that can be proven false); (2) of which the buyer is ignorant; and (3) that becomes part of the parties' bargain"). Moreover, plaintiff has not alleged that CBE was unfit for consumption, its ordinary purpose. For a beverage mix to be merchantable it must be fit for the ordinary purposes for which such goods are used. *Thorner v. Fleetwood*, 2002 WL 1998285, at *1 (N.D. Ill. Aug. 28, 2002). Plaintiff has not alleged facts to demonstrate CBE is unfit to be consumed. *See Barreto*, 2021 WL 76331, at *7 (applying similar standard under NY law); *Backus v. Gen. Mills, Inc.*, 122 F. Supp. 3d 909, 933 (N. D. Cal. 2015).

The MMWA does not apply because the statute defines a warranty as a "written affirmation" that a consumer product will be "defect free or will meet a specified level of performance over a specified period of time." 15 U.S.C. § 2301(6). Here, "vanilla" does not constitute such an affirmation. Moreover, the MMWA creates a federal cause of action for a breach of warranty arising under state law; since the breach of express and implied warranty claims fail, the MMWA claim must be dismissed. *See Schiesser v. Ford Motor Co.*, 2016 WL 6395457, at *4 (N.D. Ill. Oct. 28, 2016).

***Negligent misrepresentation.*** Plaintiff has failed to allege a claim for negligent misrepresentation because she has failed to identify a false representation. *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833-34 (7th Cir. 2007) (must allege a false statement of material fact). Plaintiff's negligent misrepresentation claim also fails because she has alleged only an economic loss. *Manley v. Hain Celestial Grp., Inc.*, 417 F. Supp. 3d 1114, 1120 (N.D. Ill. 2019).

***Fraud.*** To state a claim for fraud, plaintiff must allege that Nestlé intentionally made a material misrepresentation to induce action by plaintiff. *Schiesser*, 2016 WL 6395457, at *6.

Absent from the complaint is any allegation of fact to support an inference that Nestlé's intent was to defraud. In fact, the product discloses the presence of vanilla flavoring several times..

*Unjust enrichment.* Because "Plaintiff's unjust enrichment claim is predicated on the same allegations of deceptive advertising as Plaintiff's ICFA and breach of express warranty claims," "just as Plaintiff's ICFA and breach of express warranty claims fail, Plaintiff's unjust enrichment claim [must] fail[] as well." *Spector*, 178 F. Supp. 3d at 674 (citations omitted); *see also Ibarrola*, 83 F. Supp. 3d at 760-61.

### E.    Plaintiff Lacks Standing To Pursue Injunctive Relief

To have standing to sue for injunctive relief, "plaintiff must allege a 'real and immediate' threat of future violations of [her] rights." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (quoting *Lyons*, 461 U.S. at 102) (internal punctuation omitted).

Plaintiff's allegations fail these principles and she fails to show standing to seek injunctive relief. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014); *see also Barreto*, 2021 WL 76331, at *9 (no threat of future injury where plaintiff claims she would purchase the product in the future if she could trust the label).

## IV.    CONCLUSION

For the foregoing reasons, Nestlé respectfully requests that the Court dismiss the complaint with prejudice.

Respectfully submitted,

Dated: July 12, 2021

By: */s/ Dale J. Giali*

Dale J. Giali

Dale J. Giali (admitted *pro hac vice*)
Keri E. Borders (admitted *pro hac vice*)
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248
dgiali@mayerbrown.com
kborders@mayerbrown.com

Shandice T. Sluch
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
ssluch@mayerbrown.com

*Attorneys for Defendant Nestlé Healthcare
Nutrition, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2021, a copy of the foregoing **DEFENDANT NESTLÉ HEALTHCARE NUTRITION, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>*/s/* Dale J. Giali</u>